R. Terry Parker, Esquire
RATH, YOUNG and PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff
Creative Photographers, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CREATIVE PHOTOGRAPHERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> POPSTAR! PUBLICATIONS, INC., <br><br> Defendant. | **Case No.:** |

## COMPLAINT AND JURY DEMAND

The plaintiff Creative Photographers, Inc., ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, PC, for its complaint against defendant Popstar! Publications, Inc. ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), 501, and of willful violation of the Digital Millennium Copyright Act, § 1202.

2. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

## PARTIES

3. Plaintiff is a New York corporation with business address at 135 East 57th Street, 14th Floor, New York, New York, 10022.

4. Upon information and belief, Defendant is a corporation with a principal place of business address at 130 West Pleasant Avenue, Suite 387, Maywood, New Jersey 07607.

## JURISDICTION AND VENUE

5. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (jurisdiction over copyright actions).

6. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation copyright infringement which causes harm in this state and judicial district.

7. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.  Plaintiff's Business**

8. Plaintiff provides an exclusive independent "boutique style" photo agency which serves photographers and artists by licensing their images in both traditional and new media platforms for a variety of uses, including editorial uses.

9. One of Plaintiff's award-winning photographers is Vijat Mohindra. Mr. Mohindra is neo-pop celebrity photographer based in Los Angeles who is celebrated for his ultra-modernist and hyper synthetic style which has attracted celebrity clientele such as Miley Cyrus, Nicki Minaj, Gwen Stefani and Kim Kardashian, amongst others.

10. Mr. Mohindra is the owner of the photographic image of Miley Cyrus referenced as VMO12003_01_034.jpg, a copy of which is attached hereto as Exhibit A (the "Copyrighted Work").

11. The Copyrighted Work is an original work of authorship.

12. Plaintiff's intellectual property is very important to his livelihood. As a result, it includes copyright management information in the metadata of the Copyrighted Work and as a watermark on the Copyrighted Work when publicly displaying the Copyrighted Work, copies of which are attached hereto as Exhibit B.

13. Plaintiff is the exclusive licensee of the copyrights in and to the Copyrighted Work and is responsible for the exclusive administration, publication and enforcement of the copyrights in and to the Copyrighted Work.

14. On April 21, 2017, on behalf of Mr. Mohindra, Plaintiff obtained a certificate of registration with the United States Copyright Office for the photographic work referenced as VMO12003_01_034.jpg, Registration Number VA 1-956-633, a copy of which is attached hereto as Exhibit C.

**B.     Defendant's Unlawful Activities**

15. Upon information and belief, Defendant owns and operates a number of websites, including the website found at URLs http://popstaronline.com, where it publishes short articles and catchy photographic images to lure internet users so that it may profit from advertising revenue that grows as its viewership grows.

16. Plaintiff has discovered the Copyrighted Work being reproduced, distributed, and publicly displayed at the websites located at the following URLs (the "Infringing Websites"):

- http://www.popstaronline.com/wp-content/uploads/2013/07/miley-album-

- 400x400.jpg
- http://www.popstaronline.com/wp-content/uploads/2013/07/miley-album-320x211.jpg
- http://www.popstaronline.com/wp-content/uploads/2013/07/miley-album-320x212.jpg
- http://www.popstaronline.com/tag/miley-cyrus/page/3/
- http://www.popstaronline.com/album-titles-galore/
- http://www.popstaronline.com/album-titles-galore/miley-album/

17.     Screenshots of Defendant's unlawful use of the Copyrighted Work are attached hereto as Exhibit D.

18.     Upon information and belief, Defendant located the Copyrighted Work on the internet and, without authorization from Plaintiff, downloaded the Copyrighted Work and then uploaded the Copyrighted Work to the Infringing Websites, thus unlawfully reproducing and distributing the Copyrighted Work, where the Copyrighted Work was then publicly displayed without Plaintiff's permission.

19.     Upon information and belief, Defendant is responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Work.

20.     The reproduction, distribution, and public display by Defendant of Plaintiff's Copyrighted Work is without Plaintiff's authorization.

21.     Defendant's unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Work is knowing and willful and in reckless disregard of Plaintiff's rights.

22.     Plaintiff has caused a number of cease and desist letters to be sent to Defendant.

23.     Defendant continues to disregard the copyrights of Plaintiff, forcing Plaintiff to bring this action.

**FIRST CLAIM FOR RELIEF**
**(Direct Copyright Infringement)**

24. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

25. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

26. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyright in the Copyrighted Work to bring suit.

27. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to Defendant's use of the Copyrighted Work at the Infringing Websites.

28. By its actions, as alleged above, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Registered Copyrighted Work.

29. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant profited at the expense of Plaintiff.

30. As a direct and proximate result of Defendant's infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Registered Copyrighted Work without paying license fees, in an amount to be proven at trial.

31. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from the infringement of the Registered Copyrighted Work, which amounts will be proven at trial.

32. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with

respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

33. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

34. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**SECOND CLAIM FOR RELIEF**
**(Contributory Copyright Infringement)**

35. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

36. As an alternative theory to its direct infringement claim, in the event Defendant contend the infringing conduct described above is done by another, Defendant had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

37. By its actions, as alleged above, Defendant's foregoing acts of contributory infringement violate Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

38. Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyright are willful and deliberate and Defendant profited at the expense of Plaintiff.

39. As a direct and proximate result of the contributory infringement of Plaintiff's exclusive copyrights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an

amount to be proven at trial.

40. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

41. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

42. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

43. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

44. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

45. As an alternative theory to its infringement claims above, to the extent Defendant contends it did not directly infringe or contributorily infringe Plaintiff's copyright, Defendant had the right or ability to control the direct infringement described above.

46. As a result of Defendant's right or ability to supervise the direct infringement described above, Defendant could have prevented or stopped the direct infringement but did not take any action to do so.

47. Defendant had a direct financial interest in the reproduction, distribution and public display of the Copyrighted Work and benefitted from that direct infringement.

48. As a direct and proximate result of the Defendant's vicarious infringement of Plaintiff's copyright and exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from the Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

49. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

50. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 per work with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

51. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

52. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

### FOURTH CLAIM FOR RELIEF
### (Violation Of The Digital Millennium Copyright Act, 17 U.S.C. § 1202)

53. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

54. The Copyrighted Work included copyright management information.

55. Upon information and belief, Defendant removed and/or altered copyright management information, or each participated in such removal and/or alteration, knowing or having reasonable grounds to know that such actions would conceal infringement of Plaintiff's copyrights.

56. Upon information and belief, Defendant reproduced, distributed and publicly displayed the Copyrighted Work, or participated in such reproduction, distribution and public display, without copyright management information in order to facilitate or conceal the infringement of Plaintiff's copyrights.

57. Upon information and belief, Defendant's acts in violation of the Digital Millennium Copyright Act were and are willful.

58. By reason of the violations of the Digital Millennium Copyright Act committed by Defendant, Plaintiff has sustained and will continue to sustain substantial injuries.

59. Further irreparable harm is imminent as a result of Defendant's conduct, and Plaintiff is without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

60. At its election, and in lieu of Defendant's profits derived from their violations of the Digital Millennium Copyright Act and Plaintiff's actual damages, Plaintiff is entitled to recover statutory damages in accordance with 17 U.S.C. § 1203(c)(3)(B).

61. Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant infringed, either directly or indirectly, Plaintiff's

copyrights in the Copyrighted Work under the Copyright Act;

2. A declaration that such infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of the Copyrighted Work;

4. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

5. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

6. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

7. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity;

8. A declaration that Defendant violated the Digital Millennium Copyright Act by intentionally removing copyright management information and intentionally providing and distributing false copyright management information to conceal infringement;

9. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from its violations of the Digital Millennium Copyright Act or, in lieu thereof, should Plaintiff so elect, such statutory damages as the Court shall deem

proper, as provided in 1203(c)(3)(B), including damages up to $25,000 for each violation of the Digital Millennium Copyright Act;

10. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful violation of the Digital Millennium Copyright Act;

11. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 1203(b)(5);

12. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

13. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Work or to participate or assist in any such activity; and

14. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

                                                    Respectfully submitted,

Dated: April 12, 2019

                                                    */s/ R. Terry Parker*
                                                    R. Terry Parker, Esquire
                                                    RATH, YOUNG and PIGNATELLI, P.C.
                                                    120 Water Street, Second Floor
                                                    Boston, MA 02109
                                                    Telephone: (603) 226-2600
                                                    Email: rtp@rathlaw.com

                                                    *Attorneys for Plaintiff*
                                                    *Creative Photographers, Inc.*